# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ELTON HOOPER, JR., | ) |
| | ) |
| Plaintiff, | ) No. 4:21-CV-1510 RLW |
| | ) |
| v. | ) |
| | ) |
| LLOYD AUSTIN, in his official capacity as Secretary of Defense, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its Defendant's Motion to Dismiss (ECF No. 9).[1] This matter is fully briefed and ready for disposition. As discussed herein, the Court grants Defendant's Motion to Dismiss and dismisses Plaintiff Elton Hooper, Jr.'s ("Hooper") Complaint with prejudice.

## BACKGROUND[2]

Hooper is an African-American, formerly employed by the Department of Defense. (Complaint ("Compl."), ECF No. 1, ¶ 4). In August 2010, Hooper worked as an Information Technology Specialist with the U.S. Army Reserves in St. Louis, Missouri ("HRC-STL"). (Compl., ¶ 8). In 2009 and 2010, the DoD restructured its operations pursuant to the Base Realignment and Closure (BRAC) process. (Compl., ¶¶ 6, 9, 54). As part of this process, duties performed at Alexandria, Virginia, Indianapolis, Indiana, and HRC-STL were transferred to Fort

---

[1] The Court refers interchangeably to Lloyd Austin and the Department of Defense ("DoD") as the Defendant in this action.

[2] When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations are true and construes all reasonable inferences in favor of the nonmoving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp., supra,* at 555 – 556 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

Knox, Kentucky. In 2009, Hooper was offered a transfer to Fort Knox, but he declined. (Compl., ¶ 54). DoD offered Voluntary Separation Incentive Pay (VSIP) to some civilian employees. (Compl., ¶ 50). However, DoD did not offer VSIP to Hooper because DoD Instruction 1400.25, "DoD Civilian Personnel Management System: Voluntary Separation Programs," provides that an employee who would otherwise be eligible for VSIP or other buyout would be ineligible if the employee has "declined to relocate with his or her position or declined a transfer of function." *Harris v. Esper*, No. 4:18-CV-00690-JAR, 2019 WL 5213027, at *2, n.2 (E.D. Mo. Oct. 16, 2019); *see also* Compl., ¶ 49 ("If an employee declines a transfer the employee is barred from accepting a VSIP allocation."). Hooper claims that DoD employees at the Indianapolis and Alexandria locations were offered "job swapping opportunities," but the St. Louis office "was not offered job SWAP program as an alternative to moving to Ft. Knox, KY[.]" (Compl., ¶¶ 19-20).

Hooper filed an EEO Complaint alleging "discrimination against MRC employees on the bases of race (black), sex (male), color (black), and reprisal for prior EEO activity[.]" *See Elton Hooper, Jr., et al., Class Agent v. Mark Esper, Secretary, Department of the Army*, Case No. 4:19-CV-1853 RLW ("Hooper I"), ECF No. 1-3 at 1. Hooper received his right to sue letter on March 20, 2019. (*Id.*, ECF No. 1-3, at 2-7). Hooper filed his Employment Discrimination Complaint regarding same on June 27, 2019 in this Court. (*Id.*, ECF No. 1). Hooper alleged DoD discriminated against him under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA").

On December 13, 2019, the Court in Hooper I found Hooper's allegations insufficient as a matter of law and gave him thirty days to amend his complaint. *See* Hooper I, 4:19-cv-1853,

ECF No. 4.  On January 12, 2020, Hooper filed a letter that did not comply with the Court's December 13, 2019 Order.  Finally, on March 26, 2020, the Court dismissed Hooper's claims under Title VII and the ADEA. for failure to comply with this Court's December 13, 2019 Order. *Hooper v. Esper*, No. 4:19-CV-1853-RLW, 2020 WL 1479675, at *4 (E.D. Mo. Mar. 26, 2020).

On December 29, 2021, Hooper filed this suit (Hooper II), alleging claims for racial discrimination under Title VII (Count 1), age discrimination under ADEA (Count 2), violation of 5 C.F.R. Part 351.702 (Count 3), violation of 5 CFR Part 351.501(a) (Count 4), violation of Title 5 U.S.C. §9902(i) (Count 5), and hostile and abusive work environment (Count 6).  (ECF No. 1).

## **STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)).  A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).  Several principles guide the Court in determining whether a complaint meets the plausibility standard.  The court must take the plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678).  Rather, the facts

alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

### A. Service of Process

Federal Rule of Civil Procedure 4(i)(A) provides the method for service on United States officers. To serve the United States and its officers, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[.]

Fed. R. Civ. P. 4(i)(A).

Here, Hooper obtained summonses for the Secretary of Defense (ECF No. 5-2, 9-2) and the Attorney General (ECF No. 5-2, 9-3). However, Hooper did not obtain a summons for the proper United States Attorney's office. (ECF No. 5-1, 9-4). Plaintiff obtained a summons for the United States Attorney's Office, 555 4th St. NW, Washington, DC 20530. (*Id*.) Plaintiff served the U.S. Attorney's office in the Eastern District of Missouri with a summons directed to the U.S. Attorney's office in the District of Columbia. Thus, Plaintiff's service was improper under Fed. R. Civ. P. 4(i)(A). *See Ploetz v. United States*, Case No. CIV. 10-3017 RHK FLN, 2011 WL 743062, at *1 (D. Minn. Feb. 23, 2011) ("The language of Rule 4(i)(1)(A)(i) clarifies that clause (A) is concerned with ensuring that the local U.S. Attorney's office receives the summons and complaint, and subdivision (ii) merely allows for service by mail to the civil-process clerk at that office rather than requiring hand delivery to the U.S. Attorney."); *Smith v. United States Postal Serv.*, No. 4:21-CV-00379-KGB, 2022 WL 3970771, at *3 (E.D. Ark. Aug.

31, 2022) ("Here, Ms. Smith did not serve the U.S. Attorney for this district; she served a civil process clerk in Washington, D.C. ... In short, she has not satisfied the requirements of Rule 4(i) for serving the United States.").

Therefore, the Court could dismiss Plaintiff's Complaint for improper service without prejudice. However, since Plaintiff's Complaint is otherwise defective, the Court will dismiss it on other grounds with prejudice.

### B. Complaint Untimely

The Court dismisses Hooper's Complaint as untimely because it was not filed within 90 days after receiving the Final Agency Decision ("FAD"). (ECF No. 16 at 2). The DoD issued its FAD on March 19, 2019. (ECF No. 9-1 at 10-15). Hooper received the FAD on April 10, 2019. (ECF No. 14-1 at 1).

A plaintiff alleging claims under Title VII and ADEA may "file a civil action in an appropriate United States District Court (a) within 90 days of receipt of the agency final action on an individual or class complaint; [or] (c) Within 90 days of receipt of the Commission's final decision on an appeal[.]" 29 C.F.R. §1614.407(c). Thus, Hooper was required to file his federal court Complaint no later than July 9, 2019 or, alternatively, his EEOC appeal by May 11, 2021. Hooper did not file this Complaint until December 29, 2021 (ECF No. 1) and did not file his EEOC appeal until June 26, 2019. (ECF No. 14-1 at 2). Hooper's filing of an untimely appeal to the EEOC did not relieve him of his obligation to file a timely complaint in the district court. *See Mathis v. Corp. for Nat. & Cmty. Serv.*, 327 F. Supp. 2d 154, 157 (D. Conn. 2004) ("filing an untimely appeal to the EEOC does not relieve the complainant of the burden to timely file in district court"); *Van Uitert v. Henderson*, No. CIV.99-1021-AS, 2000 WL 776397, at *4 (D. Or. June 13, 2000), *aff'd,* 19 F. App'x 604 (9th Cir. 2001) ("The fact that Plaintiff filed an appeal

with the OFO did not toll Plaintiff's obligation to file in this court."); *Staropoli v. Donahoe*, 786 F. Supp. 2d 384, 395, n.9 (D.D.C. 2011) ("To be clear, a plaintiff cannot simply file a late administrative appeal, wait for the EEOC to dismiss the appeal as untimely, and then file a civil action within 90 days of the EEOC's dismissal (or within 90 days of the dismissal of such an untimely appeal on a request for reconsideration).").

Hooper argues that his Complaint was timely because "[o]n September 30, 2021, the US Equal Employment Opportunity Commission Office of Federal Operations issued him a 'right to sue' letter allowing him to file his case in a US District Court. (exhibit A)." (ECF No. 14 at 3). Contrary to his position, the EEOC order denying Hooper's request for reconsideration of his untimely appeal did not reset the deadline for him to his complaint in the district court. Thus, the Court dismisses Hooper's Complaint in its entirety because he did not file this action within 90 days after receiving the FAD.

### C. Failure to State a Claim

#### 1. Counts 1, 2, and 6[3]

The Court holds that Counts 1, 2 and 6 fail to state a claim as a matter of law. In Count 1 of his Complaint, Hooper alleges that DoD treated "similarly situated HRC Alexandria and

---

[3] In his Motion, Defendant argues that this action is barred by res judicata. However, in his reply, Defendant seemingly acknowledges that res judicata does not apply because Hooper I was dismissed without prejudice. *See* ECF No. 16 at 2, n.2; *Hooper v. Esper*, No. 4:19-CV-1853-RLW, 2020 WL 2104982, at *2 (E.D. Mo. May 1, 2020)("On March 26, 2020, the Court dismissed Plaintiff's case without prejudice for two reasons"); *see also Hooper v. Esper*, No. 4:19-CV-1853-RLW, 2020 WL 2104982, at *4 (E.D. Mo. May 1, 2020)("Plaintiff was provided with thirty (30) days to file an amended complaint and the Court's Order clearly informed Plaintiff that if he failed to timely file his amended complaint, his action would be dismissed without prejudice."). As both parties seem to agree that the Court's decision in Hooper I was without prejudice, the Court holds that Hooper's claims in Counts 1 and 2 are not barred by *res judicata*.

Indianapolis" employees differently than HRC-STL employees based on "racial animus directed at the HRD-STL[,] a primarily African-American work force." (Compl., ¶ 29).

The Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. *Hooper I*, 2020 WL 1479675, at *4. To state a claim under Title VII, "a plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas* burden shifting framework." *Id*. (citing *Onyiah v. St. Cloud State University,* 684 F.3d 711, 716 (8th Cir. 2012)). Under the framework, a plaintiff must show: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Id.* (citation omitted). *Id*.

The Court holds that Hooper does not state sufficient facts to support his claim under Title VII. Specifically, Hooper does not allege any facts to support his claim that HRC Alexandria and Indianapolis employees were similarly situated. "To be similarly situated, 'the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.'" *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 994 (8th Cir. 2011) (quoting *Cherry v. Ritenour Sch. Dist.,* 361 F.3d 474, 479 (8th Cir. 2004)); *see also Harvey v. Anheuser–Busch, Inc.,* 38 F.3d 968, 972 (8th Cir.1994) (noting that employees are similarly-situated when they are "similarly situated in all relevant respects" and "are involved in or accused of the same offense and are disciplined in different ways."). "Simply alleging one department received a benefit over another department is not enough to make plausible plaintiff's claims of unlawful

discrimination." *Hooper v. Esper*, No. 4:19-CV-1853-RLW, 2020 WL 1479675, at *4 (E.D. Mo. Mar. 26, 2020) (citing *Adams v. Dep't of Def.*, 2017 WL 6699484, at *4 (E.D. Va. Sept. 29, 2017) (alleging a government agency denied early retirement to one department and not to another does not properly allege a claim of unlawful discrimination)).  Thus, the Court finds that Hooper has not properly alleged a claim for discrimination under Title VII in Count 1.

Likewise, the Court finds that Hooper has not adequately alleged a claim under the ADEA in Count 2. In Count 2, Hooper alleged that he was over age 40 and the "STL HRC work force is largely as [sic] a community over the age of forty." (Compl., ¶¶ 32-33). Hooper further alleges the "disparate Agency-DOD conduct directed at the HRC-STL as alleged at length herein constituted discrimination based on age." (Compl., ¶ 34).  To establish a prima facie case under the ADEA, a plaintiff must show he "(1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger." *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012) (quoting *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1039 (8th Cir. 2007)); *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 763–64 (8th Cir. 2021).  Hooper alleges no facts to support his allegation that he was discriminated against based upon age.  He does not allege that HRC Alexandria or Indianapolis employees were substantially younger than him or substantially similar to him, which are essential allegations for an ADEA claim.  Since Hooper has failed to satisfy the basic pleading requirements for an ADEA claim, the Court dismisses Count 2 with prejudice.

Finally, in Count 6, Hooper alleges that "Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII, Rehab Act, and the ADEA." (Compl., ¶ 57).  Hooper further contends, "[t]he stated reasons for the Defendant's

conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus." (Compl., ¶58). To establish a *prima facie* claim of hostile work environment by non-supervisory co-workers, a plaintiff must show (1) that he belongs to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on his membership in a protected group; (4) that the harassment affected a term, condition, or privilege of his employment by creating a hostile work environment; and (5) that the employer knew or should have known about the harassment and failed to take proper remedial action. *Cross v. Prairie Meadows Racetrack & Casino, Inc.,* 615 F.3d 977, 981 (8th Cir. 2010); *Wilkie v. Dep't of Health & Hum. Servs.*, 638 F.3d 944, 952 (8th Cir. 2011). "[M]erely rude or unpleasant" conduct is insufficient to support a claim; instead, "[a]ctionable conduct must ... be extreme." *Cross v. Prairie Meadows Racetrack & Casino, Inc.*, 615 F.3d 977, 981 (8th Cir. 2010). "A plaintiff must establish that discriminatory intimidation, ridicule, and insult permeated the workplace." *Id.* (citing *Rheineck v. Hutchinson Tech., Inc.,* 261 F.3d 751, 756–57 (8th Cir. 2001)). The Court dismisses Count 6 for failure to state a claim because he alleges no conduct that anyone would consider to be extreme or abusive. Hooper does not allege any conduct that was "physically threatening or humiliating" or that "interfere[d] with the plaintiff's job performance." *Id*. Therefore, the Court dismisses Count 6 with prejudice.

Hooper argues that he should be allowed to amend his Complaint. *See* ECF No. 14 at 4 ("Assuming, for the sake of argument, the defendant's assessment is valid, the common recourse in those situations is to simply allow plaintiff leave to amend his initial complaint."). The Court disagrees. First, Hooper did not provide a proposed amended complaint. "To preserve his right to amend, a plaintiff must submit the proposed amended complaint along with his motion." *Charleston v. McCarthy*, 175 F. Supp. 3d 1115, 1129 (S.D. Iowa 2016); *In re 2007 Novastar Fin.*

*Inc., Sec. Litig.,* 579 F.3d 878, 884 (8th Cir.2009); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir.1985). In addition, Hooper has not identified any new facts that he would allege, which would address the deficiencies in his initial complaint. Therefore, the Court finds allowing such amendment would be futile and grants Defendant's motion to dismiss for failure to state a claim as to Counts 1, 2, and 6. *See Charleston*, 175 F. Supp. 3d at 1130 (dismissing plaintiff's complaint, with prejudice, where plaintiff, "despite being put on notice of his Complaint's deficiencies by Defendants' Motion to Dismiss, did not attach a proposed amended complaint, nor does he describe the substance of his proposed amended complaint").

### 2. Counts 3-5

In Counts 3, 4, and 5, Hooper purports to allege claims under the Civil Service Reform Act of 1984 ("CSRA"). The CSRA "provides a comprehensive scheme for review of federal personnel actions." *Swartz v. I.R.S.,* 884 F.2d 1128, 1129 (8th Cir. 1989); *Loos v. Napolitano*, 665 F. Supp. 2d 1054, 1061 (D. Neb. 2009); *Gergick v. Austin*, 997 F.2d 1237, 1239 (8th Cir. 1993) ("civil service laws provide the exclusive remedy for wrongful discharge from government employ"). "The purpose of the CSRA also supports our conclusion that the statutory review scheme is exclusive, even for employees who bring constitutional challenges to federal statutes. As we have previously explained, the CSRA's integrated scheme of administrative and judicial review for aggrieved federal employees was designed to replace an outdated patchwork of statutes and rules that afforded employees the right to challenge employing agency actions in district courts across the country." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 13-14 (2012)(internal citations omitted). "[T]he comprehensive statutory framework created in the 1978 legislation was intended as an exclusive means of redress in this situation." *Carter v. Kurzejeski*, 706 F.2d 835, 840 (8th Cir. 1983). The Court dismisses Hooper's claims in Counts 3, 4 and 5 because

there is no private cause of action under the CSRA. *Schrachta v. Curtis*, 752 F.2d 1257, 1260 (7th Cir. 1985) ("There is no implied right of action under § 2301 to remedy alleged violations of the section's principles.").

### D.  Exhaustion of Administrative Remedies as to Counts 2-6

Hooper claims that he exhausted his administration remedies as to his claims, except for his hostile work environment claim, before he sought redress with the Court. (ECF No. 14 at 3). Plaintiff's EEO Complaint "alleges discrimination against HRC employees on the bases [sic] of race (black), sex (male)[,] color (black), and reprisal for prior protected EEO activity . . . ." (ECF No. 1-3, Exhibit 1, at 2). The Court holds that Hooper did not exhaust his claims under Counts 2 through 6 because he only exhausted his discrimination claims.

Regarding a particular claim, the Eighth Circuit "deem[s] administrative remedies exhausted as to all incidents of discrimination that are 'like or reasonably related to the allegations of the [administrative] charge.'" *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) (alteration in original) (quoting *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986)); *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020). To allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in his complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

The Court holds that the claims in Counts 2 through 6 were not "like or reasonably related to" the discrimination claims Hooper alleged in his charge. In Count 2, Hooper alleges a claim under the ADEA age discrimination. *See Jackson v. Univ. of Arkansas for Med. Scis.*, No. 4:08CV04234-WRW, 2009 WL 890518, at *2 (E.D. Ark. Mar. 31, 2009) ("discrimination claims based on age or disability do not fall within the scope of investigations of allegations of discrimination based on race or color"); *Pointer v. Missouri Dep't of Corr.*, 105 F. App'x 120, 121 (8th Cir. 2004) (plaintiff had not exhausted his administrative remedies as to race discrimination; "[i]Instead, the record clearly demonstrates that Pointer alleged, and was given the right to sue on, a claim of age discrimination"). Likewise, Count 6 purports to allege a claim for hostile work environment. Hooper's EEO Complaint did not allege hostile and abusive working environment in his EEO Complaint. Hooper's failure to include a hostile and abusive working environment in his EEO Complaint requires dismissal of this claim. *See Williams v. Boeing Co.*, No. 4:19-CV-2275 SRC, 2020 WL 109002, at *3 (E.D. Mo. Jan. 9, 2020) ("plaintiff's failure to include a hostile work environment/harassment claim in his narrative in his charge of discrimination is fatal to his claim in his complaint"); *see also Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004); *Cruesoe v. MERS/Missouri Goodwill Indus.*, 2006 WL 2917363, at *10 (E.D. Mo. Oct. 11, 2006); *Mathews v. St. Louis University*, 2006 WL 269992, No. 4:05CV1488 JCH (E.D. Mo. February 1, 2006).

Finally, Counts 3, 4, and 5 all allege violations under CSRA. Under the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.,* certain federal employees may obtain "administrative and judicial review of specified adverse employment actions." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012). The CSRA "established a comprehensive system for reviewing personnel action taken against federal employees," *United States v. Fausto,* 484 U.S. 439, 455

(1988); *Elgin*, 567 U.S. at 5.  "Relief under the CSRA is restricted to '[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board [MSPB].'" *Cubb v. Denise Belton*, No. 4:15 CV 676 JMB, 2015 WL 4079077, at *4 (E.D. Mo. July 6, 2015) (citing 5 U.S.C. § 7703). The CSRA "requires the exhaustion of administrative remedies prior to the initiation of suit in federal court." *Young v. Frame*, No. 4:19CV16 RLW, 2019 WL 2437444, at *4 (E.D. Mo. June 11, 2019) (citing *Cubb*, 2015 WL 4079077, at *3.  Hooper did not exhaust his administrative remedies under the CSRA and, therefore, this Court dismisses Counts 3, 4, and 5 for lack of subject matter jurisdiction.  *See Cubb*, 2015 WL 4079077, at *4.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**.  Plaintiff Elton Hooper, Jr.'s claims are **DISMISSED** with prejudice.

An appropriate Order of Dismissal is filed herewith.

Dated this 28th day of October, 2022.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**